

| **MURIEL GOODE-TRUFANT** | THE CITY OF NEW YORK | **ILONA J. EHRLICH** |
|---|---|---|
| *Corporation Counsel* | LAW DEPARTMENT | *Assistant Corporation Counsel* |
| | 100 CHURCH STREET | Labor and Employment Law Division |
| | NEW YORK, NY 10007 | Telephone: (212) 356-2549 |
| | | Email: iehrlich@law.nyc.gov |

July 28, 2025

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

> The request for a stay of discovery pending the Court's decision on Defendant's motion to dismiss is granted.
>
> SO ORDERED.
>
> *[signature]*
> LEWIS J. LIMAN
> United States District Judge
>
> August 4, 2025

Re: Williams v. The City of New York, et al.
    No. 24-cv-05467 (LJL)

Dear District Judge Liman:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for Defendant in the above-referenced matter. I write this letter to respectfully request a stay of discovery, pending the Court's decision on Defendant's Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff does not consent to this request.

    **A. Background**

      Plaintiff commenced this action on July 19, 2024. See Compl., ECF No. 1. On October 14, 2024, Defendant filed a Motion to Dismiss the Complaint. See ECF No. 12. On October 29, 2024, Plaintiff filed an Amended Complaint. See Am. Compl., ECF No. 21. That same day, the Court entered a Case Management Plan and Scheduled Order, denying Defendant's Motion to Dismiss (ECF No. 12) as moot. On October 29, 2024, the Court entered a Case Management Plan and Scheduling Order which denied Defendants prior Motion to Stay Discovery (ECF No. 16) " without prejudice to renewal after the filing of a new motion to dismiss." See ECF No. 22. On December 27, 2024, Defendant filed a Motion to Dismiss the Amended Complaint. See ECF No. 25. On May 7, 2025, the Court filed its Opinion and Order which granted Defendant's Motion to Dismiss the Amended Complaint. (ECF No. 25). See ECF No. 40.

      On June 4, 2025, Plaintiff filed a Second Amended Complaint ("SAC"). See ECF No. 41. Plaintiff alleges that Defendant failed to accommodate her anemia when it declined to

grant her a medical exemption to the New York State Healthcare Facility COVID-19 mandate in violation of Federal, State, and City Discrimination Laws. See SAC.

On June 13, 2025, the Court entered an Amended Case Management Plan and Scheduling Order. See ECF No. 44. This Order specified that Fact Discovery and Expert Discovery, including depositions are due by September 12, 2025. Id.

### B. Defendants' Motion to Dismiss and Request to Stay Discovery

On July 25, 2025, Defendant filed a Motion to Dismiss the Second Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). See Memorandum of Law in Support of Motion to Dismiss the Second Amended Complaint ("MOL"), ECF No. 45. As set forth in Defendant's motion to dismiss, Plaintiff's Complaint should be dismissed because Plaintiff did not plausibly allege that she suffers from a disability (see MOL at 8–11); Plaintiff was not qualified to perform her job because the Complaint does not allege that she was covered by the New York State Healthcare Mandate (10 N.Y.C.R.R. § 2.61)'s "narrowly framed"[1] medical exemption (see MOL at 11–16); and granting Plaintiff her requested accommodation would have been an undue hardship and would have violated the law (see MOL at 17–21); Plaintiff thwarted the interactive process by failing to submit sufficient additional medical documentation (see MOL at 21-22); and Plaintiff not does allege facts that demonstrate that she suffered an adverse employment action *because of* an alleged disability (see MOL at 22-23).

Defendant's Motion to Dismiss is completely dispositive of the claims in the SAC. Although a pending dispositive motion does not, per se, require a stay of discovery, a court may grant a motion to stay discovery "[u]pon a showing of 'good cause.'" Pappas v. City of New York, No. 23-cv-06010 (LJL), 2024 U.S. Dist. LEXIS 14171, at *2 (S.D.N.Y. Jan. 26, 2024) (quoting Fed. R. Civ. P. 16(b)(4)). A court may consider the following factors: "(1) whether the defendant has made a strong showing that plaintiffs claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., No. 16 Civ. 1666 (ARR) (CLP), 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. Oct. 17, 2016) (Internal Quotations Omitted).

Defendant's Motion to Dismiss raises arguments that are "likely to succeed on the merits and, at a minimum, present[] substantial grounds for dismissal." Cota v. Art Brand Studios, LLC., No. 21-cv-1518 (LJL), 2022 U.S. Dist. LEXIS 45084, at *2 (S.D.N.Y. Mar. 14, 2022) (granting motion for stay of discovery). In fact, Defendant's arguments that Plaintiff was not qualified to perform her job, the undue burden that H+H would have suffered by granting Plaintiff's request to work unvaccinated, and that an accommodation would have violated the law because anemia is not a condition that qualifies for an accommodation under Section 2.61, are entirely dispositive and cannot be, and have not been, remedied by the SAC. Thus, if the Court grants Defendant's Motion to Dismiss, it will resolve the case. Engaging in discovery while Defendant's motion to

---

[1] We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 289 (2d Cir. 2021) ("Section 2.61… applies to all 'personnel,' as carefully defined in the Rule, aside from those who qualify for the narrowly frame medical exemption.")

dismiss is pending will result in the unnecessary and wasteful expenditure of time, money and resources. See Fed. R. Civ. P. 1. Furthermore, "there is no reason to believe that Plaintiff[] would suffer prejudice for the short period of time… necessary… to rule on the motion." Cota, 2022 U.S. Dist. LEXIS 45084 at *3.

      We thank the Court for its attention to this matter.

                                       Respectfully submitted,

                                       */s/ Ilona Ehrlich*
                                       Ilona J. Ehrlich
                                       Assistant Corporation Counsel

cc:     All Counsel of Record (via ECF)