24 Civ. 05467 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE WILLIAMS,

                                                                    Plaintiff,

-against-

NYC HEALTH AND HOSPITALS CORP.,

                                                                     Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

## MURIEL GOODE-TRUFANT

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-196
New York, N.Y. 10007-2601

Of Counsel:  Ilona J. Ehrlich
Telephone: (212) 356-2549
iehrlich@law.nyc.gov

*Matter No.* 2024-064248

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFF'S CLAIMS ARE DEFICIENT AS A MATTER OF LAW ................................................................................................ 1

        A.   Plaintiff's Failure To Address Arguments Constitutes Abandonment ..................................................................... 1

        B.   Plaintiff Still Fails To Plead That She Is Disabled ..................................................................................................... 3

        C.   Plaintiff Was Not Qualified For Her Position At The Time Of Her Termination ..................................................... 6

        D.   Granting Plaintiff's Request Would Have Caused H+H To Endure An Undue Hardship ........................................ 7

        E.   Plaintiff Has Not Refuted That She Thwarted The Interactive Process ................................................................... 9

        F.   Plaintiff Still Does Not State A Discrimination Claim .......................................................................................... 11

CONCLUSION ........................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Abramov v. Northwell Health Sys.,
    2024 U.S. Dist. LEXIS 172589 (E.D.N.Y. Sept. 24, 2024)..................................................3

Al-Haj v. Akuamoah,
    No. 19-CV-6072 (LJL),
    2021 U.S. Dist. LEXIS 47979 (S.D.N.Y. Mar. 15, 2021) ...................................................4

Apuzza v. NYU Langone Long Island,
    2023 U.S. Dist. LEXIS 230869 (E.D.N.Y. Dec. 29, 2023)............................................. 11-12

Cangro v. N.Y.C Dep't of Fin.,
    2024 U.S. Dist. LEXIS 148244 (S.D.N.Y. Aug. 14, 2024)..................................................9

Collier-Sumrain v. Trane U.S., Inc.,
    2014 U.S. Dist. LEXIS 54965 (D. Minn. Apr. 21, 2014).....................................................4

D'Arezzo v. Appel,
    2023 U.S. Dist. LEXIS 95104 (S.D.N.Y. May 31, 2023)
    report and recommendation adopted by 2023 U.S. Dist. LEXIS 116147
    (S.D.N.Y. Jul. 6, 2023) .......................................................................................................10

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010)..............................................................................................10

Dominguez v. Bd of Educ. Of the Yonkers City Sch. Dist.,
    678 F. Supp. 443 (S.D.N.Y. 2023).......................................................................................9

Earl v. Good Samaritan Hosps. of Suffern N.Y.,
    625 F. Supp. 3d 292 (S.D.N.Y. 2022),
    aff'd, 2023 U.S. App. LEXIS 33412 (2d Cir. Dec. 18, 2023)..............................................3

Gerard v. 1199 Natl. Ben. Funds
    2024 U.S. Dist. LEXIS 166600 (S.D.N.Y. Sep. 13, 2024).................................................10

Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    220 A.D.3d 416 (1st Dep't 2023).......................................................................................10

Matter of Lebowitz v. Bd. Of Educ. of the City Sch. Dist. of the City of N.Y.,
    220 A.D.3d 537 (1st Dep't 2023),
    *lv rearg & lv appeal denied* 41 N.Y.3d 987 (May 16, 2024) ..............................................10

Matter of Lee v. City of New York,
    221 A.D.3d 505 (1st Dep't 2023) ................................................................................ 10-11

Table of cases listing

**Cases**                                                                                                                                 **Pages**

Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
    221 A.D.3d 456 (1st Dep't 2021)..............................................................................................11

Malzberg v. New York Univ.,
    2022 U.S. Dist. LEXIS 54375 (S.D.N.Y. Mar. 25, 2022) ..........................................................9

Matter of Marsteller v. City of NY,
    217 A.D.3d 543 (1st Dep't 2023),
    *lv rearg & lv appeal denied* 208 N.Y.S.3d 529 (Mar. 19, 2024)..............................................10

McHenry v. Fox News Network, LLC,
    510 F. Supp. 3d 51 (S.D.N.Y. 2020)........................................................................................10

McMillian v. N.Y.C. Taxi & Limousine Comm'n,
    2022 U.S. LEXIS 176223 (S.D.N.Y. 2022)................................................................................2

Mone v. N.Y. State Unified Court Sys.,
    2023 U.S. Dist. LEXIS 1075595 (E.D.N.Y. Mar. 22, 2023),
    aff'd, 2024 U.S. App. LEXIS 6115 (2d Cir. Mar. 14, 2024)......................................................11

Niles v. N.Y.C. Hum. Res. Admin,
    2024 U.S. Dist. LEXIS 22588 (E.D.N.Y. Feb. 7, 2024)............................................................12

Powell v. Merrick Acad. Charter Sch.,
    2018 U.S. Dist. LEXIS 32810 (E.D.N.Y. Feb. 27, 2018).....................................................11, 12

Roe v. Johnson,
    224 F. Supp. 2d 415 (S.D.N.Y. 2004)........................................................................................6

Sowell v. Kelly Servs.,
    139 F. Supp. 3d 684 (E.D. Pa. 2015)..........................................................................................5

Stanley v. Phelon,
    2024 U.S. App. LEXIS 8055 (2d. Cir. Apr. 4, 2024) .................................................................9

Tacon v. Cromwell,
    2024 U.S. Dist. LEXIS 172270 (S.D.N.Y. Sept. 24, 2024).......................................................10

Tara v. Children's Vill.,
    No. 20-CV-10997 (CS),
    2021 U.S. Dist. LEXIS 77492 (S.D.N.Y. Apr. 21, 2021)...........................................................3

Taylor v. Children's Vill,
    No. 20-cv-10997 (LLS),
    2021 U.S. Dist. LEXIS 24934 (S.D.N.Y. Feb. 8, 2021).............................................................4

**Cases**                                                                                                                                  **Pages**

Thorne-Longe v. City of New York,
   23-cv-04305 (DG) (LB) (E.D.N.Y. May 6, 2024),
   report and recommendation adopted by 2024 U.S. Dist. LEXIS 119748
   (E.D.N.Y. Jul. 8, 2024)..................................................................................................12

Turner v. St. Dominic's Home UFCW, Local
   888, 2012 U.S. Dist. LEXIS 148709 (S.D.N.Y. Sep. 26, 2012)..................................8

Vasquez v. City of New York,
   2024 U.S. Dist. LEXIS 58731 (E.D.N.Y. Mar. 30, 2024)............................................12

Vitti v. Macy's Inc.,
   758 Fed. App'x 153 (2d Cir. 2018)...............................................................................11

We the Patriots USA, Inc. v. Hochul,
   17 F.4th 266 (2d Cir. 2021) ............................................................................................7

Wilkov v. Ameriprise Fin. Serv., Inc.,
   743 F. App'x 44 (2d Cir. 2019) ......................................................................................2

Wright v. Mo. Dep't of Mental Health,
   2019 U.S. Dist. LEXIS 80079 (E.D. Mo. May 13, 2019)1............................................4

Wu v. Metro-North Commuter R.R. Co.,
   2015 U.S. Dist. LEXIS 126882 (S.D.N.Y. Sept. 12, 2015)...........................................2

Zimnicki v. Krysiak Constr. Corp.,
   2023 U.S. Dist. LEXIS 153602 (E.D.N.Y. Aug. 29, 2023)...........................................2

**Statutes**

10 N.Y.C.R.R. § 2.61......................................................................................................7, 12

Fed. R. Evid. 201(b).............................................................................................................6

**PRELIMINARY STATEMENT**

On July 25, 2025, Defendant, New York City Health and Hospitals Corporation d/b/a NYC Health + Hospitals ("H+H" or "Defendant") moved to dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice on the grounds that: (1) Plaintiff has not plausibly alleged that she is disabled; (2) Plaintiff, who was required by law to be vaccinated in order to maintain her employment, was not a qualified individual; (3) granting Plaintiff's request would have caused H+H an undue hardship; (4) Plaintiff, herself, thwarted the interactive process by failing to submit additional medical records as requested by H+H; and (5) Plaintiff failed to allege facts which would support her argument that her termination occurred under circumstances supporting an inference of discrimination. See Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint ("MTD SAC"), ECF Dkt. No. 47; see also Second Amended Complaint ("SAC"), ECF Dkt. No. 41. Defendant now submits this Reply Memorandum of Law in Further Support of Its Motion to Dismiss the Second Amended Complaint, and respectfully requests the Court grant Defendant's motion and dismiss the case in its entirety with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS ARE DEFICIENT AS A MATTER OF LAW**

A. **Plaintiff's Failure To Address Arguments Constitutes Abandonment**

In her opposition, Plaintiff failed to address certain arguments raised by Defendant in its moving papers. See Memorandum of Law in Opposition ("Opp."), ECF No. 52. Specifically, Plaintiff failed to address that: (1) Plaintiff has neither pled, nor do the documents incorporated by reference show, that she had "a pre-existing health condition that renders the vaccination

detrimental to their health" and, thus, she was not entitled to a medical exemption under the narrowly framed statute (MTD SAC at 13); (2) because Plaintiff "did not have a medical contraindication or precaution to the COVID-19 vaccines," Defendant "could not grant a medical exemption to Plaintiff" without enduring an undue hardship because "it would have required H+H to violate New York State Law" (MTD SAC at 18); and (3) to the extent that Plaintiff sought to work in-person, unvaccinated, this would constitute an undue hardship given the clear health and safety risk she would pose (MTD SAC at 20).

Plaintiff's failure to address, let alone oppose, these arguments presents an entirely separate grounds for this Court to dismiss this matter. See Wilkov v. Ameriprise Fin. Serv., Inc., 743 F. App'x 44, 47 n.1 (2d Cir. 2019) (affirming dismissal of relevant claims "on the ground that they were 'abandoned' by [Plaintiff] when she failed to oppose them in her opposition to [Defendant]'s motion to dismiss."); see also Zimnicki v. Krysiak Constr. Corp., 2023 U.S. Dist. LEXIS 153602, at *21 (E.D.N.Y. Aug. 29, 2023) ("In light of plaintiffs' failure to address defendants' argument in their opposition, this Court finds that plaintiffs have abandoned their claim"); McMillian v. N.Y.C. Taxi & Limousine Comm'n, 2022 U.S. LEXIS 176223, at *6-7 (S.D.N.Y. 2022) (dismissing claims which Plaintiff "d[id] not address any of the arguments in his opposition papers."); Wu v. Metro-North Commuter R.R. Co., 2015 U.S. Dist. LEXIS 126882, at *17 (S.D.N.Y. Sept. 12, 2015) (dismissing First Amendment Claim where "in his opposition papers, Plaintiff d[id] not even argue that the[] particular instances of speech addressed matters of public concern" and "[i]n light of the Plaintiff's failure to address arguments specific to these complaints in his opposition papers, the Court deem[ed] them abandoned.")

2

## B. Plaintiff Still Fails To Plead That She Is Disabled

As set forth in Defendant's motion papers, Plaintiff's ADA, SHRL, and CHRL claims should be dismissed because Plaintiff's Second Amended Complaint fell short of pleading she is disabled under those statutes. See MTD SAC at 8-17.

In response, Plaintiff argues that she pled facts sufficient to make a prima facie case that she had a physical or mental impairment that limited a major life activity. See Opp. at 6. It is Plaintiff's burden to sufficiently plead facts which plausibly show that her purported maladies qualify as a disability under the statutes which she invokes. See, e.g., Abramov v. Northwell Health Sys., 2024 U.S. Dist. LEXIS 172589, at *22 (E.D.N.Y. Sept. 24, 2024) ("Courts routinely grant motions to dismiss on disability claims where the plaintiff does not plead sufficient facts to allege that they are disabled under the meaning of the ADA.") (collecting cases); Earl v. Good Samaritan Hosps. of Suffern N.Y., 625 F. Supp. 3d 292, 304 (S.D.N.Y. 2022) (Granting motion to dismiss and noting that a "plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations."), aff'd, 2023 U.S. App. LEXIS 33412 (2d Cir. Dec. 18, 2023).

Indeed, for the reasons set forth by the Court in its Opinion and Order dated May 7, 2025 (ECF No. 40), dismissing Plaintiff's First Amended Complaint, Plaintiff has failed to cure her deficiencies and still fails to plausibly alleging a disability here. In response to Defendant's argument that Plaintiff's allegations lacked sufficient factual support, Plaintiff cites to paragraphs 20 through 30 of the SAC and argues that Plaintiff pled facts relating to her anemia and its manifestations. See Opp. at 4-6. However, neither those paragraphs, nor the entirety of the SAC, meet the standard of a qualifying disability under federal, state or local law. See MTD SAC at 10. Plaintiff attempts to dissuade from Defendant's reliance on Tara v. Children's Vill., No. 20-CV-10997 (CS), 2021 U.S. Dist. LEXIS 77492, at *9 (S.D.N.Y. Apr. 21, 2021) in distinguishing it by

3

pointing out that the Plaintiff was proceeding *pro se*, then Plaintiff conclusively states "the reason for dismissal was a pleading deficiency, which is not the case here." Opp at 7-8. Similarly, Plaintiff argues that Taylor v. Children's Vill, No. 20-cv-10997 (LLS), 2021 U.S. Dist. LEXIS 24934, at *10 (S.D.N.Y. Feb. 8, 2021) is distinguishable because Plaintiff was proceeding *pro se*. In fact, these distinctions are detrimental to Plaintiff's arguments because allegations in *pro se* Complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and are "generously and liberally construed." See Al-Haj v. Akuamoah, No. 19-CV-6072 (LJL), 2021 U.S. Dist. LEXIS 47979 (S.D.N.Y. Mar. 15, 2021).

To the extent a response is necessary to Plaintiff's contention that "there are various district courts which have nevertheless denied a defendant's motion for dismissal based on the argument that anemia is not a disability recognized under the law" (Opp. at 11), those cases are all distinguishable, as, in those cases, the plaintiff either sufficiently alleged, or the record sufficiently showed, how that individual's anemia (and other purported disabilities) actually impacted the plaintiff. See Wright v. Mo. Dep't of Mental Health, 2019 U.S. Dist. LEXIS 80079, at *5-6 (E.D. Mo. May 13, 2019)1 (Plaintiff, who was denied his request of a room where he could control the heat, access hot water, and be provided a jacket and gloves, alleged that "he has anemia and myelogenous leukemia that lowers his white blood cell count, raises his risk for infection, and causes back pain and sensitivity to cold", that he had "orders from physicians that he cannot be exposed to 'cold conditions'", and "that these symptoms and the side effects of chemotherapy substantially limit[] his major life activity of keeping warm."); Collier-Sumrain v. Trane U.S., Inc., 2014 U.S. Dist. LEXIS 54965, at *44 (D. Minn. Apr. 21, 2014) (Denying motion for summary judgment where the evidence in the record showed that the plaintiff's treatment for anemia "caused her headaches and issues concentrating and focusing" and that her "anemia caused her extreme

4

exhaustion, inability to care for hygiene by brushing her teeth and showering regularly, circulatory issues where her legs tingle and are in pain, severe edema, severe constipating, issues concentrating and focusing, and a lifting restriction of ten or fifteen pounds"); Sowell v. Kelly Servs., 139 F. Supp. 3d 684, 699 (E.D. Pa. 2015) (on summary judgment motion, the plaintiff's "anemia, polycystic ovarian disease, hypertension, and dysfunctional uterine bleeding" presented a question of fact as to whether or not they are disabilities because the plaintiff "is at time unable to stand, unable to or limited in her ability to lift objects, [] at times was required to avoid sexual intercourse" and "required her to miss time at work."). Even if the court were to find these cases to hold persuasive weight, Plaintiff's recounting of the definition of anemia is simply not sufficient here.

Additionally, Plaintiff does not make a prima facie case for disability under the ADA, NYSHRL, NYCHRL. Plaintiff includes a footnote arguing "Defendant is not as explicit in position that she did not satisfy the pleading requirement under the NYCHRL" See Opp at 3. However, Defendant's moving papers specifically include that Plaintiff has not alleged a disability under the NYCHRL under Point I(A). See MTD SAC at 8-13. Specifically Defendant contends that Plaintiff's alleged *temporary* conditions do not qualify as a disability under the NYCHRL and that Plaintiff fails to plead that she suffers from a qualifying disability because it does not allege anemia "amounts to an impairment" under the NYCHRL. Therefore, Plaintiff's argument should be rejected because Defendant plainly asserts that Plaintiff's alleged disability is not a qualifying disability under federal, state, or local law.

Finally, Plaintiff fails to address Defendant's point that the "November 16, 2021 letter which Plaintiff submitted to H+H from Dr. Walczyszyn in support of her request for an

5

accommodation did not identify her condition as anemia, but rather as a 'symptomatic blood disorder' and a 'hematologic condition.'" See MTD SAC at 10.

In granting Defendant's Motion to Dismiss the Amended Complaint, this Court held that Plaintiff has not pleaded a disability. See Opinion and Order, ECF Dkt. No. 40. Consistent with that finding, this Court should find that Plaintiff has not alleged sufficient facts to establish that she has a disability.

C. **Plaintiff Was Not Qualified For Her Position At The Time Of Her Termination**

Plaintiff's argument that "Defendant mischaracterizes Plaintiff's Accommodation Request as One for exemption" is entirely misplaced. See Opp. at 12. As outlined in Defendant's moving papers, requests for exemptions to the vaccine mandate, based on either medical or religious grounds, were to be submitted to H+H's Office of Equal Employment Opportunity ("EEO") for review and determination. See New York State Vaccine Mandate for Health Care Workers, Frequently Asked Questions, dated September 24, 2021, https://ess.nychhc.org/uploads/Vax-Mandate-FAQ.pdf (last accessed August 15, 2025).[1] Further, exemption requests, if granted, would result in an accommodation of remote work only if the requester's job duties could be performed remotely. Id. Instead of responding to Defendant's argument that Plaintiff was not a qualified individual who, with or without a reasonable accommodation, can perform the essential functions of her employment position, Plaintiff cites to a dictionary definition of an "exemption" and tries to differentiate that with a "reasonable accommodation." See Opp at 12-13. However Plaintiff's point is not responsive to Defendant's

---

[1] This document is a public record of which the Court may take judicial notice. See Roe v. Johnson, 224 F. Supp. 2d 415, 416-20 (S.D.N.Y. 2004) ("A court may take judicial notice of a public record pursuant to Rule 201(b) Fed. R. Evid.").

6

argument. In instances such as the present case, an employee's request for an exemption to the Vaccine Mandate that was granted would have resulted in a reasonable accommodation.

Defendant argued that, because Plaintiff neither comported with the state-mandated vaccination requirement, nor did she submit a letter from her doctor which attested that she had a pre-existing health condition which rendered the vaccination detrimental to her health, she was not qualified for her position at the time of her termination. See MTD SAC at 12-17. As aforementioned herein, Plaintiff has not meaningfully addressed Defendant's argument that she failed to comport with the statute's requirements. See *supra* Point 1(a). Instead, Plaintiff argues that Defendant's papers "mis-fram[e] the issue" as, Plaintiff argues, she was seeking not an exemption, but "a short respite." See Opp. at 12. However, 10 N.Y.C.R.R. § 2.61 ("Section 2.61") "only provided for narrow circumstances" for an individual to escape its requirement for personnel, like Plaintiff, to become vaccinated. See MTD SAC at 13 (citing We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021)). Whether an exemption was temporary or permanent is of no consequence, and Defendant had no discretion under the statute. Therefore, "Plaintiff was not qualified for her position of employment at the time of her termination because she, admittedly, did not comply with Section 2.61's requirement that she be vaccinated and, undisputedly, her doctor did not identify a contraindication or precaution that medically prevented her from being vaccinated." See MTD SAC at 17.

### D. Granting Plaintiff's Request Would Have Caused H+H To Endure An Undue Hardship

Granting Plaintiff an exemption, regardless of whether it would have been a "brief respite" as Plaintiff insists, would have caused Defendant to endure an undue hardship. See SAC at ¶ 60. As set forth in Defendant's moving papers, Defendant would have suffered an undue hardship because: (1) "it would have required H+H to violate New York State Law"; (2) Plaintiff

7

has not pled facts sufficient to plausibly allege she could perform the essential functions of her job remotely; and (3) to allow Plaintiff to work in-person, unvaccinated, would constitute a health and safety risk. See MTD SAC at 17-21.

Plaintiff claims that the Court should disregard Defendant's argument that "Plaintiff's 'in-person presence was needed given that many of the duties listed in the functional job description could not be done remotely'" because it "relies on material beyond the four corners of the First Amended Complaint." Opp. at 16. However, this argument fails as Plaintiff, though barely, does "refer[] to her job duties and responsibilities" in her SAC. See MTD SAC at 19; see also SAC at ¶32 ("In the role of 'Assistant Director of Cost Accounting,' [Plaintiff's] primary tasks and responsibilities were to review financial numbers and provide recommendations on how to best manage department budgets[.]"). Thus, Plaintiff's functional job description was "incorporated by reference in the [amended] complaint, since [s]he made specific allegations related h[er] job duties, outlined in h[er] job description." Turner v. St. Dominic's Home UFCW, Local 888, 2012 U.S. Dist. LEXIS 148709, at *14-5 (S.D.N.Y. Sep. 26, 2012). Even assuming, *arguendo*, that the Court does not consider the functional job description, there are multiple other reasons that granting an exemption to Plaintiff would have caused an undue hardship, some of which Plaintiff fails to address at all. See *supra* Point 1(a).

Regarding undue hardship, Plaintiff makes only one other argument: because in her SAC, she states that "at all times" she was an "overall good employee" and that, during COVID-19, Plaintiff worked remotely, she has plausibly alleged that she could continue to perform the essential functions of her job without entering H+H's offices. See Opp. at 15-16. However, Plaintiff's implied allegation that, because she performed her job remotely before and, therefore, could continue to do so, is a contention which has been rejected by other courts in this circuit. See

8

Stanley v. Phelon, 2024 U.S. App. LEXIS 8055, at *16 (2d. Cir. Apr. 4, 2024) (summary order) (Affirming dismissal of failure to accommodate claim where Plaintiff was "permitted [] to work from home for over a year" because he "offer[s] no allegations... showing that he could perform his position remotely. He does not describe the particulars of his responsibilities... such that [the Court] could draw the inference that he could perform his job at home."); see also Dominguez v. Bd of Educ. Of the Yonkers City Sch. Dist., 678 F. Supp. 443, 448 (S.D.N.Y. 2023) ("[T]hat Plaintiff could perform his essential job functions while working remotely during the first phase of the COVID-19 pandemic – when leaders, officials, and institutions were in lockdown and just beginning to understand the nature of the outbreak – does not support his assertions that he could continue to perform his essential job functions months or even a year thereafter."). Thus, Plaintiff has failed in her "burden to allege... how h[er] requested accommodation to work from h[er] preferred locations would allow h[er] to perform h[er] essential job functions." Cangro v. N.Y.C Dep't of Fin., 2024 U.S. Dist. LEXIS 148244, at *17 (S.D.N.Y. Aug. 14, 2024).

### E. Plaintiff Has Not Refuted That She Thwarted The Interactive Process

In Defendant's moving papers, Defendant argued that, because Plaintiff failed to submit additional medical documentation to support her request for an exemption/accommodation/respite, her interactive process claim, under City and State law only, fails. See MTD SAC at 22 ("An employee may be responsible for thwarting the interactive process when, after requests from the employer, the employee fails to provide documentation in support of a request for accommodation.") (quoting Malzberg v. New York Univ., 2022 U.S. Dist. LEXIS 54375, at *8 (S.D.N.Y. Mar. 25, 2022)). Plaintiff's only argument in response is that "much of" this argument is "based on proof beyond the four corners of the Second Amended Complaint and should be rejected." Opp. at 17. However, the documents which Defendant relied upon are emails which Plaintiff explicitly refers to in her SAC. See MTD at 6 (citing SAC at ¶ 42). Courts in this

9

circuit regularly consider emails submitted by defendants in support of their motions to dismiss where those emails are explicitly referred to in a plaintiff's pleadings. See e.g., DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 112 (2d Cir. 2010); Tacon v. Cromwell, 2024 U.S. Dist. LEXIS 172270, at *5 (S.D.N.Y. Sept. 24, 2024); D'Arezzo v. Appel, 2023 U.S. Dist. LEXIS 95104, at *8 (S.D.N.Y. May 31, 2023) (collecting cases), report and recommendation adopted by 2023 U.S. Dist. LEXIS 116147 (S.D.N.Y. Jul. 6, 2023); McHenry v. Fox News Network, LLC, 510 F. Supp. 3d 51, 60 n.1 (S.D.N.Y. 2020). Thus, as Plaintiff does not allege that she ever submitted additional documents after being requested, she herself is to blame for any purported breakdown of the interactive process which H+H duly provided.

Further, the facts do not indicate that Defendant failed to engage in an interactive process for purposes of the NYCHRL. "[T]he NYCHRL requires only that Defendants engage in an interactive process . . . ; it does not require that the individual be satisfied with that process or that the process result in the individual's preferred accommodation." Gerard v. 1199 Natl. Ben. Funds 2024 U.S. Dist. LEXIS 166600 (S.D.N.Y. Sep. 13, 2024). Indeed, the New York State Supreme Court, Appellate Division, First Department, has aptly held that in adequately informing its employees of the procedure for employees to submit reasonable accommodation requests to their respective agencies and how to appeal denials, no further "individualized dialogue" was required given the City's need to evaluate a high volume of RA requests "under a constrained timeline during an evolving public health emergency." See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545, (1st Dep't 2023), *lv rearg & lv appeal denied* 208 N.Y.S.3d 529 (Mar. 19, 2024); Matter of Lebowitz v. Bd. Of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 537 (1st Dep't 2023), *lv rearg & lv appeal denied* 41 N.Y.3d 987 (May 16, 2024); Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (1st Dep't 2023); Matter of

Lee v. City of New York, 221 A.D.3d 505 (1st Dep't 2023); Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456 (1st Dep't 2021).

### F. Plaintiff Still Does Not State A Discrimination Claim

In Defendant's moving papers, Defendant argued that, because the SAC is devoid of "any allegations of derogatory comments or allegations identifying similarly situated individuals who were purportedly treated better than Plaintiff[,]" Plaintiff failed to allege a disability discrimination claim under all statutes. See MTD SAC at 22.

In response, Plaintiff argues that "[h]er having amenia and her needing an accommodation are inextricably intertwined and the denial of her requests and her termination from employment raise an inference sufficient to sustain a disability discrimination claim at this stage Opp. at 18. Like with retaliation claims, which can rely upon close temporal proximity between protected activity and a retaliatory act, ADA discrimination can be shown through a very close temporal nexus between notifying an employer about a disability and an adverse employment action. However, "temporal proximity alone is not enough to give rise to an inference of discrimination when gradual adverse job actions began well before" the Plaintiff's disclosure to the Defendant of their purported disability. Powell v. Merrick Acad. Charter Sch., 2018 U.S. Dist. LEXIS 32810, at *21 (E.D.N.Y. Feb. 27, 2018); see also Vitti v. Macy's Inc., 758 Fed. App'x 153, 157-58 (2d Cir. 2018) (affirming summary judgment based on this principle in both ADA discrimination and retaliation claims). And, indeed, in the vaccination context, courts in this circuit have overwhelmingly dismissed retaliation claims based on termination from employment resulting from an individual's failure to comply with a vaccine requirement, where the vaccine requirement existed long before an individual ever engaged in a protected act. See, e.g., Mone v. N.Y. State Unified Court Sys., 2023 U.S. Dist. LEXIS 1075595, at *30-31 (E.D.N.Y. Mar. 22, 2023), aff'd, 2024 U.S. App. LEXIS 6115 (2d Cir. Mar. 14, 2024); Apuzza v. NYU Langone Long

11

Island, 2023 U.S. Dist. LEXIS 230869, at *17 (E.D.N.Y. Dec. 29, 2023); Niles v. N.Y.C. Hum. Res. Admin, 2024 U.S. Dist. LEXIS 22588, at *22 (E.D.N.Y. Feb. 7, 2024); Thorne-Longe v. City of New York, 23-cv-04305 (DG) (LB) (E.D.N.Y. May 6, 2024), ECF No. 24 at p. 18, report and recommendation adopted by 2024 U.S. Dist. LEXIS 119748 (E.D.N.Y. Jul. 8, 2024).

Here, H+H, and by extension, Plaintiff, was subject to Section 2.61's vaccination requirement "around late August or early September 2021" (SAC at ¶37), many months before Plaintiff ever disclosed her purported anemia on November 16, 2021 (see SAC at ¶¶43-45). Therefore, as "[t]he [Amended] Complaint makes clear that Plaintiff['s]… position was demonstrably at risk, well before she disclosed her disability," Plaintiff's discrimination claim fails. Powell, 2018 U.S. Dist. LEXIS 32810, at *22; see also Vasquez v. City of New York, 2024 U.S. Dist. LEXIS 58731, at *23-4 (E.D.N.Y. Mar. 30, 2024) ("Plaintiff's own pleadings demonstrate that he was fired for not complying with his employer's vaccination requirement, thereby providing an obvious alternative explanation for his termination that undermines his own cause by alleging facts that refute any inference of discrimination.") (internal quotations omitted).

## CONCLUSION

For the foregoing reasons, Defendant H+H respectfully requests that the Court grant its motion to dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, and grant any such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          September 19, 2025

                                         **MURIEL GOODE-TRUFANT**
                                         Corporation Counsel of the
                                         City of New York
                                         Attorney for Defendant
                                         100 Church Street, Room 2-196
                                         New York, New York 10007-2601
                                         (212) 356-2549
                                         iehrlich@law.nyc.gov

By:    /s/    *Ilona J. Ehrlich*
                                         Ilona J. Ehrlich
                                         Assistant Corporation Counsel